## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BOW G. JUNG,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No. 02-1421 (GK)** |
| | : | |
| **MUNDY, HOLT & MANCE, P.C.,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

There are four Motions pending before the Court at this time: Defendants' Motion for Summary Judgment [#84], Defendants' Motion to Dismiss Defendant Reginald Holt [#82], Defendants' Motion to Dismiss/Motion for Summary Judgment [#95], and Plaintiff's Motion for Summary Judgment [#96]. Upon consideration of all the pleadings, the extensive record in this case, and the applicable case law, the Court concludes that all the Motions should be **denied**.

## I.    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [#84]

1.    Defendants argue that Plaintiff has failed to satisfy the jurisdictional amount of $75,000 in damages because his original Complaint claimed only $36,273 in damages. Plaintiff subsequently amended his Complaint and claimed damages totaling in excess of $150,000.

2.    In Washer v. Bullitt County, 110 U.S. 558, 562 (1884), the Supreme Court held that a plaintiff's properly amended complaint supercedes prior pleadings and controls the determination as to whether the amount-in-controversy requirement has been satisfied. In that case, the allegations in the original complaint were "less than $5,000 and therefore not sufficient to give this court jurisdiction." 110 U.S. at 561. In the amended complaint, those allegations were withdrawn and

replaced by allegations that the sum due to the plaintiffs was $5,325.14, an amount which would have satisfied the then existing jurisdictional requirements. In concluding that the lower court erred in dismissing the case, the Supreme Court explained that when "a petition [i.e., a complaint] is amended by leave of the court the cause proceeds on the amended petition. It was upon the amended petition that the judgment of the court below was given, and the question brought here by this writ of error is the sufficiency of the amended petition. If its averments show that this court has jurisdiction, the jurisdiction will be maintained without regard to the original petition." 110 U.S. at 562.

3.      In the present case, the Amended Complaint "show[s] that this court has jurisdiction [and therefore] the jurisdiction will be maintained without regard to the original petition." 110 U.S. at 562. See also National Mortgage Co. v. Navarro, 220 F.R.D. 102, 106 (D.C. D.C. 2004)

4.      The Defendants' Motion for Summary Judgment must be **denied** because Plaintiff's Amended Complaint includes claims alleging $75,000 or more in damages.

## II.    DEFENDANTS' MOTION TO DISMISS DEFENDANT REGINALD L. HOLT [#82]

5.      Defendants argue that Defendant Reginald L. Holt cannot be held liable in his individual capacity because he acted solely as an agent of Mundy, Holt & Mance, P.C. Under District of Columbia law, an agent of a disclosed principal cannot be held personally liable. Rittenberg v. Donohoe, 426 A.2d 338, 334 (D.C. 1981).

6.      Plaintiff has submitted substantial evidence in support of his contention that Holt was acting in his individual capacity, that he was a shareholder/officer, not an agent, of Mundy, Holt & Mance, P.C., and that the firm did not exist as a legal entity. The scope of Holt's agency and his

relationship with the firm is plainly a material issue of fact which is highly contested. Therefore, the Motion to Dismiss Defendant Reginald L. Holt must be **denied**.

## III.   DEFENDANTS' MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT [#95]

7.     Defendants ask that this case be dismissed in its entirety and/or that summary judgment be granted. Counsel for Defendants fails to distinguish between a Fed. R. Civ. P. 12 motion for dismissal and a Fed. R. Civ. P. 56 motion for summary judgment. They are very different procedural vehicles.

8.     Defendants' basic argument seems to be that the third party beneficiary theory relied upon by Plaintiff is precluded by Hopkins v. Akins, 637 A.2d 424, 429 (D.C. 1993), which held that it does not apply in an adversarial context. Depending on which version of the disputed facts are accepted by the fact finder, the third party beneficiary theory may or may not apply.

9.     Defendants also argue that Plaintiff received approximately $150,000 because the proposed will was not signed by his mother, the decedent, Lew Gin Gee Jung. According to Defendants, if that will had been signed and probated, Plaintiff would have received nothing. Plaintiff maintains that his sister Yoh did not have survivorship rights in certain bank accounts and therefore he would have been entitled to some monies under the draft will's residuary clause.

10.     It is hard to imagine a case that is **less** amenable to summary judgment than this one. The parties have been engaged in a bitter, vituperative, and, at times, bizarre litigation, spanning two courts and more than ten years in which they can barely agree on the time of day.

11.     Innumerable material issues of fact are in dispute. The Defendants' Motion to Dismiss/Motion for Summary Judgment must be **denied.**

## IV.   PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#96]

12.   Plaintiff asks for summary judgment on Counts 1 and 2 against Defendant Holt individually as to liability, causation, compensatory damages, and attorney fees.  Plaintiff has filed a 20-page Statement of Material Facts Not in Genuine Dispute, as well as a Memorandum of Law in support of his motion.  Defendants have filed a four-page Statement of Genuine Issues of Material Fact in Dispute and have denied each and every one of the statements contained in Plaintiff's 20-page submission.

13.   The Plaintiff's Motion is simply a long, hyperbolic, closing jury argument. Ultimately, a jury will have to decide the many material facts which are strongly disputed. Consequently, Plaintiff's Motion for Summary Judgment on Liability and Damages Issues must be **denied**.[1]

---

[1]   Plaintiff repeatedly misstates the ruling of this Court in its June 17, 2003 Memorandum Opinion, claiming that the Court has already found him to be a third-party beneficiary of his mother's will.  That is flatly incorrect.  The Court ruled <u>only</u> that Plaintiff could bring such a claim and had stated a cause of action.  The Court explicitly held, at page 9, that

> summary judgment must be denied because there are material facts in dispute, namely the reason the draft Will was left unsigned and whether Plaintiff was an intended beneficiary of the Mother Jung Estate.  Plaintiff claims that the Will was unsigned because Robinson negligently and/or intentionally left the correct draft of the Will at home -- a draft which excluded his wife as an heir or beneficiary. Defendants seem to argue that the unsigned draft Will represents a conscious choice on the part of Mother Jung to make Plaintiff, at most, an incidental beneficiary of her Estate.

> Given the Court's obligation to view factual inferences in the light most favorable to the Plaintiff and the fact that intended third party beneficiaries may bring legal malpractice claims under D.C. law, Plaintiff is entitled to bring this legal malpractice case against Defendants. He has clearly alleged legal malpractice in their handling

(continued...)

February 15, 2007                                    /s/
                                                     Gladys Kessler
                                                     United States District Judge

---

[1](...continued)
of Mother Jung's draft Will, which included Plaintiff as an explicit,
intended beneficiary.  Accordingly, Defendants are not entitled to
summary judgment based on their argument that Plaintiff may not
bring this suit.